MORITZEOUS WEISBERGER, Appellant, *vs.* N. TENNY, Respon-
dent.

APPEAL FROM THE DISTRICT COURT OF WRIGHT COUNTY.

Under *Chap.* 33 of the *Compiled Statutes*, where adverse claims to lots in town sites entered under the act of Congress of 1844 are involved, the Defendant must plead facts in his answer which show his interest or estate to be paramount to that of the Plaintiff. *Mere denials of the* Plaintiff's right are insufficient to give the Defendant a position in Court.

The settlement and occupancy of the public lands of the United States for the purpose of a town site, and any act of possession by which rights are acquired under the act of Congress of 1844, including the survey, platting, and recording of the plat, may be abandoned by the parties who have performed them, and the land thus become open to settlement and occupancy by any other person. No other act is necessary to complete such abandonment than a withdrawal from the lands, and a cessation of improvement and occupancy.

An answer which admits a prior settlement and occupancy, together with a platting and re- cording of the plat on the part of the Plaintiff, but alleges that prior to and at the time of the settlement by those under whom the Defendant holds, the settlement of the Plaintiff had been abandoned and the lands were unoccupied, is sufficient, and should not be stricken out on mo- tion.

*By the Court.*—FLANDRAU, J.—This case comes to us for
decision in a very unsatisfactory manner. It is a question of
pleading, and we are not furnished with copies of the plead-
ings, but a mere abstract of the facts contained in them. It
was submitted at the July Term, and the papers of the Re-
spondent have not been furnished until the latter part of De-
cember, while those of the Appellant are so imperfectly writ-
ten that the sense of many paragraphs are left in doubt and
obscurity.

The action, we should judge, is prosecuted by Mr. Weis-
berger, under *chapter* 33, *of the Compiled Statutes, p.* 385, to
perfect title to certain lots in the town of Moritzeous, in the
county of Wright. The complaint alleges that on the 27th of
October, 1854, the Plaintiff, in conjunction with one Riggs,
selected the disputed lands as the site for a city or town.
That the Plaintiff and Riggs and those holding under them
continually occupied, held and improved every subdivision

of said lands, claiming them under the act of Congress until the spring of 1856, but could not define their boundaries, but their occupation and the object thereof was continual, notorious, and known to the Defendant. That as soon as practicable after the survey of the lands by the government, the town council of Moritzeous applied to enter the lands, and did so on the 18th of April, 1861, in trust, &c. That the statutory notice was given, and that the entry was allowed upon the occupancy of the Plaintiff and those under him. That on October 27, 1854, the Plaintiff and Riggs had the lands surveyed, platted and recorded, with themselves as proprietors, and that the entry was made under such survey. That the same lands were subsequently and on the 11th day of March, 1857, surveyed and platted by Bradley and Riggs, as proprietors. The adverse claims of Plaintiff and Defendant are then alleged, &c.

The answer denies every allegation of the complaint, except as follows: Defendant alleges that he owns the land. That in April, 1856, the Defendant and others, among whom is Riggs, known as the "Monticello Town Co.," selected as a town and then settled, and have since occupied and claimed and improved the said lands, under the act of 1844. That they made a survey and plat, as stated in the complaint. That the town was first incorporated as Monticello, and then as Moritzeous. That from the date of their selection, they and those holding under them were the only occupants of the town. That the only plat filed for record is the said plat of Monticello. That the Plaintiff caused an application to be filed to enter the town, which was disallowed by the land office. That the Plaintiff's plat, &c., contained 700 acres, and that the same was unoccupied and abandoned in 1855, until the selection by the company. That the Defendant, at the date of the entry, was an occupant of the land in dispute, and claims to own the same by virtue of his occupancy, and by virtue of conveyances from the company and third parties and that he has ever since held and occupied the same by virtue of the said company's selection.

These are all the material facts stated in the complaint and answer, as far as we can discover. The Court below refused

to strike out the answer, holding that it made out a good defence to the cause of action stated in the complaint.

Under *chapter* 33 *of the Compiled Statutes, section* 5, a new system of pleading is inaugurated to govern cases under that chapter. A mere denial of the facts stated by the Plaintiff does not entitle the Defendant to a position in court. He must also set out his own title or the facts upon which it is based, and unless such facts disclose a superior right to that of the Plaintiff, the answer is bad. *See Castner vs. Guenther,* 6 *M. R.,* 119.

The complaint alleges facts sufficient to establish a settlement and occupancy of the lands from October, 1854, by the Plaintiff and Riggs. The answer details various matters concerning the settlement of the Monticello Town Company, which is dated in April, 1856, and alleged to have been continuous and uninterrupted from that time to the date of the action. Now this alone would be insufficient, because the Plaintiff was on the land by prior settlement, according to the complaint. But the Defendant does not rest upon this act of settlement alone. He further alleges that when it took place the land was unoccupied and abandoned, and had been since 1855. If this was true, why could not the Monticello Company, or any other organization or individual settle the land for municipal or agricultural purposes? We see no good reason, unless it is contained in the suggestion of the Appellant's counsel, "that there could be no abandonment which would authorize a new map to be made and recorded ' on the top,' so to speak of the Plaintiffs." Claiming further that a town once platted and recorded can only be vacated or abandoned by proceedings under *chap.* 26, *Com. Stat , p.* 371, *sec.* 12, *et seq.* The counsel, we think, is in error in this view, when applied to the facts of this case. The act referred to on the subject of surveying, platting and recording towns and cities, pre-supposes that the land so surveyed, &c., is the property of those laying out the town, and that the owners may, by their public record acts, affect the title. In such cases where a plat is made out and recorded, the use of the streets, alleys and public grounds, &c., become *eo instanti* the property of the public by statutory dedication, and the public is

at once entitled to conform its actions in reference thereto.    It would be manifestly unjust to allow a withdrawal of such dedication at the option of the former owner.    The statute in such cases very properly provides a means of testing the question whether any rights, public or private, have become vested under the dedication, and the courts permit a vacation of the plat or not as the facts may justify.

.The effect of the statute, however, cannot be the same in regard to platting a portion of the government lands.    Where such plats are made, the statute would doubtless govern the manner of executing and recording it, and other matters of that character; but the legislature is utterly incapable of conferring upon parties the power of influencing in any manner the title to such lands, and the parties themselves are equally impotent in this respect until they have acquired rights in the manner provided by the acts of Congress.    Rights in the public lands of the United States can only be gained either for municipal or agricultural purposes by settlement, improvement and occupancy, or in other words, by acts of physical possession, and such rights until consummated by entry under the appropriate acts of Congress, may always be abandoned by mere withdrawal, leaving. the lands open to any other party who desires to settle and improve them.

It will be seen that the municipal pre emption law of 1844, *vol. 5 U. S. Stats. at large, p.* 657, does not require a survey and platting of the land to authorize its entry as a town site. It contemplates only a settlement and occupancy as a town site to the extent of withdrawing it from the operation of the pre-emption laws.    The surveying, platting and recording of the town may well be regarded as one act in the series which together constitute an actual town.    It is a public declaration of the intention of the parties to take possession for municipal purposes, and may even be an actual taking possession ; but if it is not followed by settlement and occupancy, to the extent of creating an actual town, the act alone avails nothing, and confers no rights upon those who performed it.    If after making and recording the plat, the parties should leave the State, or die, and cease to take further steps in the prosecution of the enterprise, it is difficult to see why the premises

are not subject to be settled upon by others, as unoccupied government land, entirely unincumbered by the inchoate and abandoned acts of those who preceded them. Now this is exactly the state of things presented by the answer in this case. Supposing it to admit the prior settlement and occupancy of the Plaintiff, together with his survey, platting, and record of the plat, which began in 1854 and continued until 1855 ; the Defendant distinctly alleges that all this was abandoned in 1855, and the land was unoccupied until the selection of the Monticello Company, in 1856. Whether the facts when proved, will sustain such an abandonment and disuse by the Plaintiff and Riggs as to justify the settlement by the company, is of course a different question, but we think the allegation that the land was abandoned and unoccupied at the time of the entry upon it and settlement by the company under whom the Defendant holds, is a justification of that entry and settlement, to the exclusion of the Plaintiff.

The reason that we have omitted to discuss several of the points in which the Plaintiff claims admissions in the answer, is because they are rendered immaterial by the view we have above taken of the effect of making and recording a plat of lands belonging to the United States, and the force we give to the allegation of abandonment prior to the company's settlement.

The answer is sufficient and the order refusing to strike it out affirmed.