# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA,

## JANUARY TERM, 1866.

———————

*THE CITY OF WINONA

*v.*

HENRY D. HUFF.

1.  To entitle a town plat to be recorded, or constitute a statutory dedication, the acknowledgment of the plat required by the statute is necessary.

2.  After proof of the loss of a record, its contents may be proved like any other document, by any secondary evidence, where the case does not, from its nature, disclose the existence of other and better evidence than that offered.

3.  Since the record of a town plat, under the statute, indicates the existence of the original map, the map is the best evidence to prove the contents

———————

*Chief Justice Wilson being of counsel in this cause, took no part in its hearing or determination.

of the record when it is lost, and until the proper excuse for the non-production of the plat, parol evidence of the contents of the record is not admissible.

4. An act of the Legislature, which distinctly recognizes the fact of the record of a particular town plat, is admissible as evidence of the fact of such record.

5. The entry in the reception book, required by statute to be kept by the Registers of Deeds in this State, is admissible as evidence, to show the possession of a town plat by the maker thereof, being a party to the action, as a preliminary ground for a notice to him to produce the plat.

6. The question of the sufficiency of notice to a party to produce a written instrument in his possession, is one which depends upon the circumstances of each case, and is a preliminary matter addressed to the judgment of the court, and it would require a plain instance of injury to call for the interference of this court upon that ground.

7. Where the record of a town plat was in issue, and the record was lost, one of the witnesses for the defendant, the maker of the plat, testified that he (the witness) left it for record without the knowledge of the defendant, evidence of conveyances by the defendant describing the premises conveyed according to such plat, and distinctly referring to the record thereof, is competent to show a knowledge of the fact of the record, and a recognition and ratification of such record by the defendant.

8. Before it is competent for a party to prove by parol the contents of a written instrument, *prima facie* in his possession, he must prove the loss or destruction of the instrument without his culpability.

9. When a statutory dedication by a town plat, made by a party, is claimed. evidence of assessment and payment of county taxes on the land alleged to be dedicated, is not competent.

10. Where there is testimony in the case upon which the finding of facts by a referee may reasonably be sustained, the court will not interfere with such finding.

11. In a town plat, under the statute, it appeared upon the face, or body of the map, or plat of the survey, that block 104—the disputed premises—was marked "Winona Square," and the certificate of the defendant, the maker of the plat, attached thereto, was as follows: "I hereby certify that the above plat of Winona was by me directed to be surveyed, marked and platted, and dedicated, the streets, alleys, three squares, viz : No. 33, marked Public Square; No. 103, marked Winona Square; No. 99, marked Wabashaw . Square; also two levees for public use and benefit forever," *Held*, that if the plat must not in any event, under such circumstances, prevail over the certificate, yet if there be a repugnant call which by the

other calls in the instrument clearly appears to have been made through mistake, that *does not make void* the instrument; and the entire instrument must be taken, and the identity of the premises ascertained by a reasonable construction. This rule applied to the facts appearing in this case, and the conclusion of law by the referee, "that the defendant legally dedicated to the public said block 104 as and for a public square, under the name of Winona Square," sustained.

12. Where the finding of the referee is sustained by the plat itself, if the admission of extrinsic evidence by the referee, as to the intention of the maker of the plat were erroneous, its admission could work no material injury to him, since the result must be the same in any event.

13. The defendant held and occupied a claim upon certain lands and caused the same to be surveyed, and platted as a town, with a view to the execution and recording of the plat, and the entry of the land embraced in said claim, under the act of Congress known as the Town Site Law ; the plat was executed, and on the 1st January, 1855, was recorded. The city of Winona was incorporated March 8, 1857, embracing in its limits the defendant's claim. At the defendant's request the proper judge entered his claim, a portion on the 16th Aug., 1855, and another portion on the 24th of the same month; the proper notice to claimants was duly given by said Judge. Neither the plaintiff, the city of Winona, nor any other person on her part, presented any claim to the Judge within sixty days from the first publication of the notice. W. C. H., by the defendant, who acted for him and in his name, presented his claim to block 104, in the plat, to the Judge, within said time and claimed a deed in fee. The Judge, recognizing the claim of said W. C. H., on the 2d Nov. 1855, executed to him two deeds for certain portions of the premises entered by him as aforesaid, including block 104 *by that description*, which was recorded. At the time of making such claim, and receiving said deeds, W. C. H. was a minor, and was in possession of said block 104 with notice of said plat and the record thereof as aforesaid. On the 1st Feb., 1857, W. C. H. died intestate, &c., leaving the defendant, his father, his sole heir at law. About the 1st April, 1857, the defendant entered upon and enclosed and has since been in possession of block 104, claiming title thereto. The plaintiff by no formal act accepted said dedication of said block 104, but in 1858 took measures to have her claim, and that of the public thereto, investigated, but no legal steps have ever been taken to enforce such claim until the commencement of this action. That the plaintiff has never taxed said block, nor has said defendant ever paid any taxes thereon, assessed by or through the action of the plaintiff. Under this state of facts, *Held*, that the land claimed by the defendant was legally charged with the dedication by the defendant, and W. C. H. took the title, subject to the dedication charged upon it by the defendant.

In dedications to the public, for public use, it is not necessary that there exist at the time, a grantee capable of taking thereunder.

Whatever may be the effect of the decision of the Judge as to town site claimants under our statute, it cannot apply to dedications to the public; as to such dedications the plat itself operates as a conveyance to the public, and a claim by the public is unnecessary. Under a statutory dedication the fee simple to the land does not pass, but only such an estate or interest in the land as the trust requires.

The Judge having the legal estate in fee, in trust, must convey to the beneficiaries, and as this plat recorded is the dedication, the fee is charged with it by operation of law.

Under a statutory dedication in any town or city, a legal right to the possession, with an *interest* in the land for the purposes of the trust, passes, and an action of ejectment to recover possession of premises dedicated to the public for a public square, will lie in favor of a town or city against a person having and claiming exclusive possession thereof.

This action was brought in the District Court for Winona county, to recover possession of block number 104, in the City of Winona, claimed by plaintiff as a public square. Issue was joined in the action, and the cause tried before a referee. Sundry exceptions were taken to the rulings of the referee upon the trial, in regard to testimony admitted or offered, which with the testimony objected to, so far as material, appear in the opinion of the court. The facts as found by the referee in his report are substantially as follows: . That the plaintiff is a municipal corporation, duly organized, &c.; that prior to December, 1854, and on the 1st day of January, 1865, and during the intermediate time, said defendant held and occupied a "claim" of lands, of which "claim" the premises in question were and are a part; that in the month of December, 1854, said defendant caused his said "claim" with adjacent lands to be duly mapped and platted into blocks, lots, streets, alleys and public levees, by H. J. Hilbert, a surveyor, with a view to the execution and recording of said plat and to the entry of the land embraced in said "claim" by the Hon. Wm. H. Welch, then Chief Justice of the Supreme Court of the

Territory of Minnesota, under the act of Congress upon that subject; that said Hilbert, under the direction of said defendant, made duplicate maps, or plats, of said " claim, " &c.; that in making said plats said Hilbert, by the direction of said defendant, wrote in large letters across and upon said block 104, the words "Winona Square," and across and upon block 33, "Public Square," and across and upon block 99, "Wabashaw Square," and upon and across certain grounds adjoining the Mississippi river, not laid off into lots or blocks, the words "Public Levee;" that said blocks 33, 99 and 104, were not subdivided into lots; that block 103 was surveyed and subdivided into lots; that said block 103 was not marked "Winona Square;" that said block 103 lies next west of said block 104, with an intervening street; that the lots in the east part of block 103 were, by the direction of said defendant, laid off fronting said block 104, for the reason then assigned by him, that they would thus front a public square, while the west part of said block 103 was surveyed into lots fronting north and south; that one of said plats is lost; that upon the back of the other of said plats (which is the only one that will hereinafter be referred to) there are in writing the following certificates, viz:

" The above is a plat and field notes of the town of Winona, as is laid out by Henry D. Huff, * * * which is laid off into blocks of about 300 feet square, * * numbered and subdivided into lots as shown on the above map, the figures indicating the width and length, in feet and decimals, of said lots: * * * Also two public levees between Front street on one side, and the Mississippi on the other, as indicated on the above map; also three public squares, numbering blocks 33, 99, and 103.

"H. J. HILBERT,
" Civil Engineer, &c.

" Winona, December, A. D. 1854."

"I hereby certify that the above plat of Winona was by me directed to be surveyed, marked out and platted and dedicated, the streets, alleys, three squares, viz: No. 33, marked Public Square ; No. 103, marked Winona Square ; No. 99, marked Wabashaw Square ; also two levees, marked Public Levees, for public use and benefit forever.

 [SEAL]        "HENRY D. HUFF.

"Dated Winona, Dec. 27, A. D. 1854.

"Attest: H. J. HILBERT."

"TERRITORY OF MINNESOTA,    } ss.
   "WINONA COUNTY.

"I, Andrew Cole, a Notary Public in and for said county and Territory, do hereby certify that H. D. Huff, known to me to be the person who executed the above certificate, this day personally appeared before me and acknowledged that he executed the same, for the purposes therein expressed. * * *

        "ANDREW COLE,

         "Notary Public.

"Dated this 27th day of December, A. D. 1854."

Which certificates were duly executed by the respective parties thereto at their dates ; that the certificate of said defendant is in his own hand-writing ; that it was the intention of said defendant, and that he so instructed and directed said Hilbert to dedicate said block 104 to the public under the name of "Winona Square," and not in anywise to dedicate to the public, block 103 ; that in said certificate of said Hilbert, block "103" was by mistake of said Hilbert, included and named in place of block "104;" that in the certificate of said Huff the same mistake occurred; that about January 1st, 1855, defendant left Winona, leaving said plat in the hands of his agent without specific instructions ; that said agent, on the first day of January, 1855, (having first without any authority or direction from the parties thereto, drew across all the certificates upon the back of said plat, perpendicular lines with a

pencil) filed said plat in the office of the Register of Deeds of said county for record, that said Register entered in the reception book the receipt of said plat for record, and endorsed thereon the following certificate :

"I hereby certify that I received the above plat for record, January 1st, 1855, at 8 o'clock P. M., and that it is recorded in book "A" of town plats, on page 16.

"Fees $135 10.

"M. WHEELER SARGEANT,

"Register, &c."

That said Register made a record of said plat, and the certificates and acknowledgments thereto, putting block 104 as Winona Square in the record of dedication, the map and certificates being on separate pages or folds; that shortly after, said defendant was informed of the recording of said plat, and did not disavow the same, but in terms acquiesced therein; that he paid the Register's fees, and received said plat from the Register after being recorded, and that he has since, by sundry deeds, conveyed numerous lots within said plat, with direct reference therein to said plat as recorded in the office of said Register of Deeds; that among these is one dated April 23, 1855, to said Hilbert, of lots 8, 9 and 10, in said block 103; that in the negotiations with Hilbert for the sale of said lots, said defendant, as an inducement to said Hilbert to take said lots, represented and asserted to him that said lots were valuable for the reason that they fronted upon a public square; that the record of said plat was worn or torn in two, leaving the map on one part which still remains in the Register's office, and the certificates, dedication, &c., on the other, which has disappeared, and cannot be found; that Hon. Wm. H. Welch, Chief Justice, at the request of defendant, entered, under the "town site act," a portion of defendant's claim, August 16, 1855, and the balance August 24, 1855; that on or about the 1st of September, 1855, Judge Welch

gave and published notice to the occupants and claimants of the lands so entered by him, to present to him their statements and claims to any part of said premises within sixty days from the first publication of said notice; that neither the plaintiff, nor any person on the part of the plaintiff or the public, presented any such claim to Judge Welch; that within the sixty days one Wilson C. Huff, by said defendant, who acted for him and in his name, presented to said judge his statement and claim to said block 104; that said judge recognized the claim of said Wilson C. Huff, and on the 2d day of November, 1855, executed his two deeds to said Wilson C. of certain portions of said premises, including said block 104, which were duly recorded; that at the time of making his claim and receiving said deeds, said Wilson C. was in possession of said block 104, with notice of said plat, and of the record thereof; that on the 1st day of February, 1857, said Wilson C. Huff departed this life, leaving the defendant, his father, his sole heir at law; that on or about the 1st day of April, 1857, said defendant entered upon, enclosed, and has since been in possession of block 104, claiming title thereto; that said plaintiff did not by any formal act accept said dedication of said block 104; that said plaintiff has never taxed said block.

As conclusions of law the referee finds and reports the following:

1. That by the acts and facts aforesaid said defendant legally dedicated to the public said block 104, as and for a Public Square under the name of Winona Square.

2. That by the law of this State no formal acceptance of said dedication on the part of the public or by the plaintiff or any other municipal authority was or is necessary to perfect and make obligatory upon said defendant said dedication.

3. That said application by W. C. Huff to Judge Welch, the proceedings before the latter, and his conveyance to W. C. Huff, was and is no bar to the rights of said plaintiff or of the

public under that dedication, but that said W. C. Huff took whatever title those deeds conveyed, charged with all the rights and interests of the plaintiff, or of the public which existed prior to said application and to said conveyances.

4.   That said defendant is estopped from setting up title in or right of possession to said block 104, in himself as against said plaintiff or the public.

5.   That said plaintiff as such municipal corporation can maintain an action in her own name to recover possession and control of said block 104, and to prevent its appropriation to private uses at variance with the public purposes to which it was so dedicated.

6.   That said defendant is wrongfully in possession of said block 104, and that said plaintiff is entitled to a judgment in the premises to recover the possession of said block to be appropriated, used and occupied as and for a Public Square, and for the costs and disbursements of this action.

Judgment was entered up pursuant to said report of said referee; from which judgment defendant appeals to this Court.

·SMITH & GILMAN, for Appellant.

NORTON & MITCHELL, and BERRY & WATERMAN, for Respondent.

*By the Court*—McMILLAN, J.—This is an action brought by the City of Winona to recover possession of certain premises claimed as a public square in said city.   The title of the plaintiff to the premises is based upon an alleged dedication by the defendant under Ch. 26, Comp. Stat., page 369.

It appeared from the record existing in the office of the register of deeds at the time of the trial; that a plat or map, embracing the premises in question was recorded, but not accompanied with a surveyor's certificate, or certificate of acknowledgment.   To entitle the plat to be recorded, or con-

stitute a *statutory dedication*, the acknowledgment required by the statute is necessary. *Baker et al. v. the City of St. Paul*, 8 Minn. 492.

The object of the plaintiff was to prove the existence, at a former time, of the record of the certificate and acknowledgment required by the statute, the loss of such record, and then to prove its contents by parol. This it was competent to do. After proof of the loss of a record, its contents may be proved like any other document, by any secondary evidence, when the case does not from its nature disclose the existence of other and better evidence. 1 Greenl. Ev. Sec. 509, and authorities cited. In addition to the evidence going directly to prove the record of the certificates referred to, the plaintiff introduced evidence to show the actual survey and platting of Winona, and to identify such plat as the one recorded, and that the plat thus recorded was delivered to the defendant as preliminary to a notice to defendant to produce the original plat, for the purpose of laying the ground for the admission of parol testimony of the contents of the record. This was the proper course. Before the contents of the record could be proved, except by the record, its loss must be shown, and since the nature of the record in this instance, indicated the existence of the original map, that was the next best evidence, and until the proper excuse was shown for its non-production, parol evidence was not admissible. 1 Greenl. Ev. Sec. 509 above cited.

Various exceptions were taken in the course of the trial, which we proceed to notice. The plaintiff offered in evidence sections four and six of Ch. 16 of the laws of 1855, entitled "a bill legalizing the town of Winona and for other purposes," to the admission of which the defendant objected that the same was immaterial. This act was approved March 1, 1855, and distinctly recognizes the fact of the record of the town plat of Winona as laid out by Henry D. Huff, and surveyed by H. J. Hilbert, and recorded in the office of the register of

City of Winona v. Huff.

deeds for the county of Winona, January 1, 1855, and we think was admissible as evidence of the fact of the record of the plat, the presumption being, that the statutory requisitions to entitle the plat to record were complied with. 1 Greenl. Ev. Sec. 491. The plaintiff having identified the reception book of instruments for record in Winona county, offered in evidence the following entry: "Date of reception, January 1, 1855, 8 P. M.   Grantor, Henry D. Huff.   Grantee, blank.   To whom delivered, H. D. Huff.   Fees received, $135 10.   Remarks, Recorded book A of town plats, page 16."

This was objected to on the ground that the reception book shows that there was no grantee named in the instrument filed for record, and the evidence is immaterial. We shall have occasion hereafter to refer to the first ground of objection. It will suffice for the present to say we think these objections were properly overruled. The record is one required by law to be kept by the officer in whose custody it was, and, if for no other purpose, was admissible as evidence of the possession of the plat by defendant. The plaintiff here gave notice to the defendant to produce the map, to which the defendant objected on the ground that the notice to produce was not given in time, which was overruled by the referee, and defendant excepted. Mr. Mitchell, a witness re-called by the plaintiff, testified: "My recollection is that the map purported to be executed and acknowledged by H. D. Huff. As to the body of the plat, so far as I noticed, it seemed to conform to plat 'A,'" (the existing record which had been previously identified). This evidence was objected to by the defendant, in time, on the grounds: 1st, That the plaintiff has not laid sufficient foundation for the reception of said evidence of the contents of the plat. 2d, That since the plaintiff has produced and put in evidence a plat of record, they are bound by such record.

The question of sufficiency of notice to a party to produce a written instrument in his possession, is one which depends

upon the circumstances in each case, and is a preliminary matter addressed to the judgment of the Court; and it would require a plain instance of injury to call for the interference of this Court upon that ground. 1 Greenl. Ev. Secs. 560, 561, and notes. But it is unnecessary for us to determine the objections, since the defendant, before the close of his case, without objection from the plaintiff, produced in evidence the original map, with a certificate of record as found by the referee. The evidence offered by the plaintiff, of conveyances by the defendant to various parties, describing the premises conveyed according to this plat, and distinctly referring to the record of the plat, was clearly competent to show a knowledge of the fact of the record of the plat by the defendant, and a recognition and ratification of its record, which in view of the testimony of one of the defendant's witnesses after the production of the plat, that he left it for record without the knowledge of the defendant, was quite material.

The various offers of the *defendant* to prove by parol the facts of the acknowledgment or non-acknowledgment of the plat and the contents of it, are controlled by a different principle. The object was to prove by parol the contents of a written instrument *prima facie* in the possession of the party offering the testimony. Before this is competent, the party must prove the loss or destruction of the instrument without his culpability, which was not attempted in this case. In any event the map was subsequently produced by the defendant, and he is not injured. The defendant offered to show that taxes had been assessed and paid by him to the *county*, down to and including the year 1858, upon the block in question; to which the plaintiff objected and the objection was sustained. If the plaintiff had relied upon a dedication *in pais*, then we see some force in the testimony, but since a statutory dedication was claimed by the plaintiff, if sustained, the land was not taxable for any purpose, and the testimony was immaterial. The evidence was offered, no doubt, in reference to a

City of Winona v. Huff.

dedication *in pais*, if such should be claimed by the plaintiff, but neither the testimony or the pleadings justified its admission on that ground.

This disposes, we believe, of the exceptions on the trial, and we come to the finding of the referee.   As to the conclusions of fact by the referee, the rule is well settled that if there is testimony in the case upon which the finding may reasonably be sustained, the Court will not interfere with it.   In this case that rule is applicable, and we are of opinion that the findings of fact by the referee are sustained by the evidence within this rule, and in the further examination of the case we shall regard these findings as conclusive.   We proceed to the consideration of the conclusions of law by the referee which embrace the important questions in the case.   The first conclusion of law as found by the referee is, that from the acts and facts found by him as stated in his finding, the defendant legally dedicated to the public, said block 104, as and for a public square, under the name of Winona Square.

It appears from the findings of the referee, that on the face or on the body of the map or plat of the survey, block 104 (the disputed premises) was marked "Winona Square," and the certificate of the defendant attached thereto was as follows: "I hereby certify that the above plat of Winona was by me directed to be surveyed, marked out and platted, and dedicated, the streets, alleys, three squares, viz: No. 33, marked Public Square, No. 103, marked Winona Square, No. 99, marked Wabashaw Square, also two levees, for public use and benefit forever."

It is by no means certain that under such circumstances, the plat must not in any event, prevail over the certificate, since the statute would seem to constitute the plat the operative instrument, (Comp. Stat. Ch. 26, Sec. 5, page 370,) and the certificate in the nature of an authentication of the plat to entitle it to record, the essential parts of such certificate being, that the survey and plat were made by the authority of the

signer of the certificate, and to attest the survey; the remaining portion of the certificate being matter of identification or description of the plat merely, and for all other purposes, being surplusage might be disregarded. But if this is not the case, yet the rule is that if there be a repugnant call which by the other calls in the instrument clearly appears to have been made through mistake, that does not make void the instrument; and the entire instrument must be taken, and the identity of the premises ascertained by a reasonable construction. 1 Greenl. Ev. Sec. 301. Applying this rule to the plat and certificate, it is obviously the intention to dedicate three squares by the designations specified; no mistake could have occurred in numbering the blocks, for they are numbered in regular succession. Block No. 103 on the plat is not marked "Winona Square," but is laid off into ten lots numbered consecutively, with their precise length and width noted thereon, in accordance with the statute, Ch. 26, Sec. 2, page 370. It could not have been the intention, therefore, to dedicate block 103. But we find block No. 104 marked in writing with the words "Winona Square," the length of the sides of the block are distinctly stated thereon, and it is not sub-divided into lots. All the lots in blocks 103 and 105 have a northerly or southerly front, except one tier in each, which have an easterly and westerly front respectively on block 104, the street only intervening, which is found to be the case in this map only where the lots are intended to front on a public square. If, therefore, the fact that the block 104 is marked in *writing*, "Winona Square," would not render necessary the rejection of the figures ("103") in the certificate, yet from the whole instrument we think it is evident that the intention was to dedicate block 104 as Winona Square.

If these views are correct, the finding of the referee is sustained by the plat itself, and if there be any doubt about the admissibility of extrinsic evidence by the referee as to the intention of the maker of the plat, its admission could work

no material injury to the defendant, since the result must be the same in any event. The question then as to the effect of the plat thus recorded presents itself. It appears from the finding of the referee, that at and prior to the time of making and recording the plat, the defendant held and occupied a claim upon the land embraced therein, and caused the same to be thus surveyed and platted, with a view to the execution and recording of the plat, and the entry of the land embraced in said claim, under the act of Congress approved May 23, 1844, known as the town site law, and that the plat was executed, and on the 1st January, 1855, was recorded. That the city of Winona was incorporated March 8, 1857; that at the request of defendant, a portion of his said claim was entered by Hon. Wm. H. Welch, then Chief Justice of the Supreme Court of Minnesota Territory, under said act of Congress, on the 16th August, 1855, and another portion of said claim on the 24th of the same month. That about the 1st of September, 1855, notice was given by said Chief Justice, in due form of law, to the occupants of lands so entered by him, and to all persons claiming any right or interest therein, to present to him in writing, their statements and claims to any part of said premises, within sixty days from the first publication of said notice. That neither the plaintiff, nor any other person on the part of the plaintiff or the public, presented any such claims to said Chief Justice. That within the sixty days, Wilson C. Huff, by said defendant, who acted for him and in his name, in writing. presented to said Chief Justise his statement and claim to said block 104, in and by which he claimed a deed thereof in fee. That Judge Welch, recognizing the claim of said Wilson C. Huff, on the 2d day of November, 1855, executed his two deeds to said Wilson C. Huff, of certain portions of said premises, including said block 104, *by that description,* which deeds were duly recorded, one on the 5th and the other on the 21st of November, 1855. That at the time of making this claim and receiving said deeds, said Wilson C. Huff was

a minor. That at the time of making his said claim and receiving said deeds, he was in possession of said block 104, *with notice of said plat and the record thereof as aforesaid.* That on the 1st of February, 1857, said Wilson C. Huff died intestate without lineal heirs and unmarried, leaving the defendant, his father, his sole heir at law. That about the 1st day of April, 1857, the defendant entered upon and enclosed, and has since been in possession of, block 104, claiming title thereto. That said plaintiff, by no formal act of the city authorities, accepted said dedication of said block 104, but that in 1858 she took measures to have her claim and the claim of the public to said block investigated; but that no legal steps have ever been taken to enforce such claim until the commencement of this action. That the plaintiff has never taxed said block, nor has said defendant ever paid any taxes thereon assessed by or through the action of the plaintiff. Under this state of facts, at the time of the survey and plat in question, the defendant had the right of pre-emption upon complying with the terms of the law, and had the right to do whatever was necessary or proper to perfect his title. The surveying and platting the town was legitimate and proper for that purpose. *Weisberger v. Tenney,* 8 Minn. 459. The claim of Wilson C. Huff, the minor son, if valid at all, was not a claim adverse to the defendant, but under him, and was based, in part at least, upon the defendant's settlement, and made with express reference to the survey and plat of the town made by the defendant, and such survey and plat is expressly recognized both by himself and the trustee who has the legal title, in the conveyance to said Wilson C. Huff by said trustee, of said block 104 according to said plat, the disputed premises.

It has heretofore been determined by this Court, that under a statutory dedication, the fee simple to the land dedicated to the public for streets and alleys, does not pass, but only such an estate or interest as the purposes of the trust require.

*Schurmeier v. The St. P. & P. R. R. Co.* 10 Minn. 104. The same rule applies to dedications for public squares. The land therefore, having been legally charged with the dedication, and Wilson C. Huff, in whom the legal title afterwards vested, resting his claim in part at least, upon the original settlement of Henry D. Huff, the defendant, and upon the survey and plat referred to, and such survey and plat being expressly recognized both by the said trustee and said Wilson C. Huff, in the conveyance of the premises by the former to the latter, took the title subject to the dedication charged upon it by the defendant. *City of Cincinnati v. Lessees of White,* 6 Peters, 440.

It is now well settled that in dedications to the public for public use, it is not necessary that there exist at the time a grantee capable of taking thereunder. The manner of the dedication, whether *in pais,* or in pursuance of statute, in the absence of statutory provision is immaterial; the principle is general, and applies to all dedications to public use. 6 Peters, 440. If this principle is correct, it would seem to follow that whatever may be the effect of the decision of the Judge as to claimants, under our statute, it cannot apply to dedications to the public; but it is evident that a claim by the public under a statutory dedication is unnecessary and unaffected by the decision of the Judge, for the further reason, that by the terms of the statute the plat itself operates as a conveyance to the public. Comp. Stat. page 370, Sec. 5. Nor is there anything in the nature of these claims by Huff and the public, necessarily in conflict, since the lesser interest in the public may vest, at the same time the fee may remain in another. The Judge having the legal estate in fee in trust, must convey to the beneficiaries, and as the plat recorded is the dedication, the fee is charged with it by operation of law, and the Judge may well convey in this manner. But it is urged by the appellant, that by a dedication to the public, an easement only passes, and that for such an interest, an action of this charac-

ter by the city will not lie. This we regard as the most doubtful question in the case. An easement is a liberty, privilege or advantage in land without profit, existing distinct from an ownership of the soil. Such a privilege or liberty, open to the community, is a public easement. 2 Smith's Lea. Cas. 224.

The action of ejectment is a mixed action, and the form of remedy by which a person is entitled to recover possession of real property in fee, for life or for years; it does not lie where the thing to be recovered is incorporeal. Sanders' Pl. and Ev., Tit. Ejectment, page 446. The purpose for which the action is brought, is not to try the mere abstract right to the soil, but to obtain actual possession. 6 Peters, 442. For a mere easement, perhaps the action will not lie; but wherever a right of entry exists, and the interest is tangible so that possession can be delivered, an action of ejectment will lie. 1 Chitty's Pl. 188–9, *Jackson ex. dem. Loux et al. v. Buel*, 9 Johns. 297. If, therefore, the plaintiff has an interest in the land and the right of possession, this action may be maintained. It is not necessary, in this case, to determine what is the effect of a common law dedication. This being a statutory dedication, the statute must determine its force and effect. In *Schurmeier v. The St. P. & P. R. R. Co*, cited *ante*, which involved a statutory dedication, it was held that by such dedication, the fee remains in the owners of the land, but that such an estate or interest as the trust requires, passes to the public. The terms *estate* or *interest*, would seem to refer to the land, and imply an estate or interest in the land. It is certainly reasonable to say that different purposes may require different interests or estates to support them. *Barclay v. Howell's Lessee*, 6 Peters, 498; *Brainard v. Clapp*, 10 Cush. 10. As for instance, a dedication of land for public buildings, *Courth v. Rush et al.*, 14 Penn. St. Rep. 190; or a burying ground, 6 Hill, 407, would require to support it a greater interest than a dedication for a public street. So a public square may be inclosed, im-

City of Winona v. Huff.

proved and ornamented for grounds of pleasure and amusement, or recreation and health. *Langley v. Gallipolis*, 2 Ohio St. Rep. 110; 2 Smith's Lea. Cas.; and for other purposes, which is a more extended interest than a mere right of way. The language of the statute is, "the *land* intended to be for the streets, alleys, ways, commons, or other public uses in any town or city, or addition thereto, *shall be held in the corporate name thereof*, in trust, to and for the uses and purposes set forth and expressed or intended." It is not the use that passes merely, but the land *necessary* for the use, and whatever interest is necessary, passes to the corporate body—in this instance, the plaintiff. In this case the property is placed under the regulation of the plaintiff, to designate the public purposes to which it shall be applied not inconsistent with the dedication, and to take all proper steps to accomplish such purposes. The right to the possession thereof, so far as is necessary to accomplish these objects, is clearly implied. This right, by the terms of the statute, is incident to the interest of the corporation in the land, and is in trust for the purposes of the dedication. It does not arise out of the corporate powers of the plaintiff, although it might exist there also. It is therefore, a legal right to the possession, with an interest in the land for the purposes of the trust, that is, the use of the public. Nor can we see any objection on the ground that the public is also entitled to the possession. The possession of the public is distinct from that of the corporation. The former is dependent on the latter, and to secure the first, the latter is essential. Here is a complete ouster, both of the plaintiff, the trustee and the beneficiary, the public, and although the possession of the beneficiary accompanies the possession of the trustee, yet we see no more reason why the latter should not maintain the action for its possession, than that a tenant should be denied such right of action. We think in this case the action will lie.

The judgment of the Court below is affirmed.