DAVIS & BARNES, Appellants, *vs.* RICHARD G. MURPHY, Respondent.

A person who is an "occupant," within the meaning of the act of Congress of May 23, 1844, in relation to town sites, to be a proper beneficiary under the trust created by that act, and the acts of the Legislature of Minnesota, passed in pursuance thereof, has such an interest in the land as is contemplated by the recording act, (*Stat. of Minn.*, p. 397,) which interest may be conveyed by deed, &c.

This was an appeal from an order of the District Court of Scott County. A. G. Chatfield, Judge.

The following is a statement of the facts as they appear from the record in the case:

Prior to the 28th day of April, A. D. 1853, Holmes & Fuller had entered upon and into the possession of certain lands in Scott County in this State, and laid off the same into lots, blocks, streets and alleys, made and filed a plat of said lands under the name of "Shakopee City," and were at that time occupying and improving said lands as a town site, the title to the same being in the United States Government. On the 28th day of April, A. D. 1853, said Holmes & Fuller executed a deed or instrument in writing and under seal, witnessed and acknowledged, whereby they did sell and convey to one H. H. Spencer, for the sum of three thousand dollars, certain lots and blocks in Shakopee, including block seventy-four in said town. This deed or instrument was recorded in the Registry of Deeds of Scott County, March 2d, 1854. On the 24th day of February, A. D. 1854, the said H. H. Spencer, for the sum of two thousand and nine hundred dollars, did sell and by a deed or instrument in writing of that date executed by him, witnessed and acknowledged, convey to the Appellants, among other property, said block seventy-four, in Shakopee. This deed was recorded March 9th, 1854, in the Registry of Deeds of Scott County.

On the 14th day of October, A. D. 1853, the said Fuller & Holmes sold and conveyed by quit claim deed all their interest in said block seventy-four, with other property, to Richard G. Murphy, the Respondent, the whole consideration being six hundred dollars. This deed was recorded on the 15th day of November, A. D. 1853, in the office of the Register of Deeds of Scott County. During all this time, the title to said lands was in the United States.

Subsequently to this last conveyance or sale ī block seventy-four, Hon. Andrew G. Chatfield then being the County Judge of said Scott County, entered the lands occupied as the town site of Shakopee City, under the act of May 23d, 1844, and gave notice of such entry, pursuant to the act of the Legislative Assembly of Minnesota, of March 3d, 1855, and thereupon both the Appellants and the Respondent, filed with said

Chatfield their respective applications for deeds from him, conveying to them the title to said block seventy-four in Shakopee City, in the autumn of 1855. The parties having waived a jury trial, and stipulated to submit the matter to Hon. A. G. Chatfield, (as see folio "6th" of the case,) did introduce their testimony to him on the 13th day of May, A. D. 1858, and he having heard the testimony and proofs of the parties, did find and decree that the Respondent was entitled to a deed of said block seventy-four, from which order and decree this appeal is taken.

The following are the points and authorities relied upon by the Counsel for the Appellants:

*First.*—The only right that any party can have upon lands owned by the United States Government, and occupied as a town site, is the mere right of occupancy, a possessory right. Incident to this is the right of the original occupant, or his assigns to a deed from the County Judge, or the corporate authorities of the town, who enter the land, conveying to him or them the title to the land so occupied. *United States Statutes at Large, Vol.* 5, *page* 656 ; *Pamphlet Laws of Minnesota,* 1855, *page* 30, *Sec.* 6.

*Second.*—The sale and transfer of this possessory right is not a conveyance of real estate within the meaning and provision of *Section* 24, *page* 213, *of the Revised Statutes,* and need not be recorded to render it valid against a subsequent purchaser, any more than a sale and transfer of personal property. The right of possession is all that is conveyed, and delivery of possession is notice to others. *Clark vs. Gillman,* 2 *App.* 18; *Grimstone vs. Carter,* 3 *Paige Ch. Rep.* 421; *Godfrey vs. Distrow, Walker's Ch.* 260.

It is not within the provisions of *Chapter* 47 *of the Revised Statutes, page* 215, for it is not a contract relating to land, but a mere transfer of a possessory right.

*Third.*—The right of the original occupant being merely possessory after a sale and transfer of the same, he has no right, nor the actual or constructive possession or occupation, and not being in the possession or occupation of the premises

as required by law, parties purchasing this right only of him, purchase with legal notice that he has parted with all the rights that he ever possessed in the premises, and in law has no rights touching the property he offers to convey.

The case stands different from what it would if the Respondent had attempted to purchase all the legal estate of Holmes & Fuller.

*Fourth.*—The Appellant having purchased all the right that the original occupants and proprietors of the town site of Shakopee had in said block seventy-four, and never having conveyed the same, are entitled to a deed giving to them the title to said block seventy-four.

The following are the points and authorities relied on by the Counsel for the Respondent:

*First.*—Both parties claim under Holmes & Fuller, and admit that Holmes & Fuller were the original and rightful proprietors of the town site of Shakopee, including said block No. 74.

*Second.*—The dates of the deeds, and the dates of the record of the deeds, from Holmes & Fuller to Spencer, from Spencer to Barnes & Davis, and from Holmes & Fuller to Murphy, are all admitted.

*Third.*—The entry of the land comprising the town site of Shakopee, and including the block in dispute, was made under the town site law of Congress on the 18th day of August, 1855, and not before. In this regard there is no dispute.

*Fourth.*—There are two vital and material questions to be determined in this contest, viz:

1. Have the original proprietors of a town site such an interest or estate in the lands included in it as to bring a conveyance thereof made by them *prior* to the entry of the lands within the provisions and operation of the recording act? *Chap.* 46 *of Rev. Stat., p.* 210.

2. Was R. G. Murphy an *innocent purchaser without notice*, for a valuable consideration and in good faith, of said block No. 74?

*Fifth.*—It being admitted that Murphy's conveyance *was*

*first recorded,* if the above questions are decided in the affirmative, then Murphy is, beyond doubt, entitled to a deed of said block No. 74, from the Trustee of the town site of Shakopee.

*Sixth.*—The authorities relied upon are: *Act of Congress, May* 23, 1844, *Dunlop, p.* 1048; *The Pre-emption Laws, and the extension thereof to the unsurveyed lands of Minnesota; Act of August 4th,* 1854; *Rev. Stat. Minn., Chap.* 46, *page* 210; *Ib., Chap.* 2, *page* 32, *sec.* 1; *Ib., Chap.* 46, *page* 213, *sec.* 24; *Ib., Chap.* 46, *page* 213, *sec.* 30; *Ib., Chap.* 46, *page* 32, *sec.* 1, *subdivision* 8.

*Seventh.*—Both parties claim under Holmes & Fuller, and hence both are estopped and precluded from questioning the title of the parties under whom they or any one of them claim.

*Eighth.*—When a party or parties entered upon and took possession of a town site under the town site act of *May* 23*d*, 1844, in good faith, and have improved the same as a town site, they or either of them acquire such an interest in the land of said town site as to confer upon them the right to sell and convey it to any other person, and hence such interest as to entitle the deed of conveyance thereof to be recorded under the recording acts of the late Territory, now State, of Minnesota.

*Ninth.*—The situation of the country and public policy require that settlements made in good faith for commercial, manufacturing and mechanical purposes, must be protected equally with settlements for agricultural purposes.

*Tenth.*—The act of Congress of May 23d, 1844, known as the town site act, is liberal in its terms, and free from all restraints upon sale and alienation of the land embraced within the proper limits. In this it differs from the pre-emption laws, and wisely and necessarily so. The right of alienation conferred of necessity by said act upon the original proprietors of town sites, carries with it some interest in the land, and hence the conclusion is inevitable that for the protection of the party purchaser, for the peace and good order of the public, and to carry out the spirit of the town site law, all deeds and instruments of conveyance made by the original proprietors or by their grantees should be recorded, and hence the recording act, *Rev. Stat., Chap.* 46, *p.* 210, is so full and liberal.

*Eleventh.*—The evidence taken before A. G. Chatfield, Judge and Trustee, and returned by him to the Supreme Court, shows clearly and conclusively that R. G. Murphy was an *innocent parchaser, for a valuable consideration, in good faith and without notice,* of block No. 74 in the recorded plat of Shakopee City.

SANBORN, FRENCH & LUND, Counsel for Appellants.

THOS. J. GALBRAITH, Counsel for Respondent.

*By the Court*—FLANDRAU, J. This is an appeal from the decision of Hon. A. G. Chatfield, acting as Trustee under the act of Congress of May 23, 1844, in relation to town sites, and the acts of the Legislature of Minnesota passed in pursuance thereof. The contest was about block No. 74 in the town of Shakopee, in Scott county; and the only facts disclosed by the evidence are, that Holmes & Fuller were the original proprietors of the town; that they conveyed the block in dispute first to H. H. Spencer on the 28th of April, 1853, which deed was not recorded until the 2d of March, 1854; that Spencer conveyed to the Appellants on the 24th of February, 1854, which deed was recorded on the 9th of March of the same year; that Holmes & Fuller conveyed the same land to the Respondent on the 14th of October, 1853, which deed was recorded on the 15th of November, 1853. An attempt was made to impeach the consideration of this last mentioned deed, but failed.

It will be seen, then, that although the land was conveyed to the grantor of the Appellant Spencer, before it was conveyed to the Respondent, yet the deed of the Respondent was the first on record.

There is nothing in the case as it comes to us to show when the entry was made by the Trustee, whether before or after the several conveyances in question; but the argument of counsel on both sides assumes the conveyances to have all been made prior to the entry, and while the title to the land was in the United States, which will determine that point with us,

and will fairly raise the question whether parties upon town sites prior to their entry by the Trustee, have such an interest in the land as will bring a conveyance of it within the operation of the recording acts.

In the absence of the facts showing what Holmes & Fuller had done on the land, we must give the stipulation that they were the " original proprietors of the town" such an interpretation as its words import. Proprietor is defined to mean "An owner, the person who has the legal right or exclusive title to anything, whether in possession or not." We are bound to suppose that in order to have become the " proprietors," they had done all that the act of Congress contemplates, to acquire such an *occupation* as would entitle them in preference to any other persons to claim and receive the land from the Trustee. This is certainly an interest in the land, inchoate it is true, yet nevertheless valuable ; it is authorized by law, and laws are made to provide the means of perfecting it into a title in fee. It may be defended against all encroachments from persons not having a paramount right. It is more than a mere right to the possession, because it contains the germ which will expand and ripen into a perfect title.

The recording act, *Stats. of Minn., New Ed., p.* 397, *sec.* 1, provides that " conveyances of land or of any estate or interest therein may be made by deed," &c. *Section* 24 provides that conveyances which shall not be recorded shall be void as against any subsquent purchaser in good faith and for a valuable consideration of the same real estate, whose conveyance shall be first recorded. And *Section* 30 provides that the term conveyance shall be construed to embrace every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned, or by which the title to real estate may be affected in law or equity, except, &c.

In deciding that a person who is an "occupant" within the meaning of the act of Congress so as to be a proper beneficiary under the trust, has such an interest in the land as is contemplated by the recording act, where the question arises between two parties who both claim under deeds from the same source, we purposely refrain from deciding any other point connected

with the question of occupancy or what constitutes it under that act, as it is unnecessary in this case, it being conceded by the stipulation that the grantors in both deeds were such occupants.

The Trustee decided the case correctly, and the decision should be affirmed.