## LYMAN C. HARRINGTON, *et al.*

### *vs.*

## THE ST. PAUL & SIOUX CITY RAILROAD CO.

Where part of the property, in respect of which plaintiff claims relief by reason of defendant's alleged unlawful acts thereon, is sold by plaintiff after suit commenced, the fact must be alleged by supplemental answer before defendant can avail himself thereof.

Where defendant had constructed and was operating its road over plaintiff's land without authority of law, it is no objection to plaintiff's right of action, that the defendant had surveyed and staked out its road on the land before plaintiff's purchase thereof.

An insurance agent, called for plaintiff, was rightly allowed to testify, against defendant's objection, that such location and operation of said road increased the hazard of fire to plaintiff's buildings.

Plaintiff was one of the occupants of lots, for whom the town site of Mankato was entered in trust under the town site act; and there was evidence from which a dedication of streets to public use by the occupants of said town site would be inferred. *Held,* that a deed of the trustee to the plaintiff, as such occupant of such lots, passed to plaintiff the fee to the center of the street adjoining said lots, subject to the easement of the public therein for a highway.

As the rights of such occupants became fixed on March 21, 1856, neither the act of congress of March 3, 1857, granting the right of way over the public lands to the railroad then contemplated, nor the territorial act of May 22, 1857, disposing of the land grant, gave the defendant any right of way over said town site.

Whether a statutory or common law dedication of the streets adjoining plaintiffs' premises were shown, it is the doctrine of this court, that plaintiffs own the fee in such streets to the center thereof, subject to the public easement as aforesaid; that the legislature could not appropriate such street to any other use, or subject the land to any additional servitude, without compensation to the owner of the fee; and that the use thereof by defendant for a railroad would be such additional servitude.

Harrington et al. v. The St. Paul & Sioux City Railroad Co.

Defendant, claiming the right so to do, but in fact without authority of law therefor, prior to the commencement of this action, entered upon said streets for the purpose of constructing its railroad thereon, and did so construct it along and upon the same in front of said lots, and have ever since operated the same, running daily trains thereon, having made no compensation to plaintiffs, nor taken steps to have commissioners appointed to appraise the plaintiffs' damages; all which acts have been done without plaintiffs' consent and against their will. The court below also found that such road and use are an obstruction to plaintiffs' use of their said premises, and comfortable enjoyment thereof, and will continue so to be, so long as it remains; that they render the street unsafe for travel, and access to plaintiffs' premises insecure and dangerous: that they have greatly diminished the value of said property; that they work an injury to plaintiffs in obstructing said streets and the free use of the same in connection with the said premises, distinct and different from the injury sustained by the public generally. *Held*, that the defendant, in thus appropriating said streets to such use, is a trespasser in respect of plaintiffs, and that its acts constitute a private nuisance as against plaintiffs, entitling them to an injunction.

Nor are plaintiffs precluded from such injunction by the rule that equity does not interfere where there is an adequate specific remedy, for the defendant's charter provides no mode whereby the land owner, at his own instance, can obtain compensation for his land thus taken, the defendant being alone authorized to apply for commissioners to appraise the compensation for such lands as it may designate in its application as proposed to be taken; nor will mandamus lie, at the suit of the plaintiffs, to compel defendant to make such application, and set such proceedings in motion.

That plaintiffs did not commence suit till the road had been constructed and in operation for some months, is not a bar to their right to relief by injunction. As, however, defendant may still proceed, in the mode provided by its charter, to obtain the right of way upon compensation therefor to plaintiffs, and as such injunction, might, in the meantime, occasion great inconvenience to the public as well as to defendant, by preventing the operating of the road, the judgment of the district court will be ordered to be so modified as that such injunction do not issue, if defendant forthwith institute such proceedings and properly prosecute the same; otherwise to be considered as granted, as of the date of the judgment.

An allegation of damages is sufficient which states that plaintiff has been greatly damaged by said unlawful acts, and the unlawful withholding of the possession of the premises up to the commencement of this action, viz.: to the amount of $1,000.

Harrington et al. v. The St. Paul & Sioux City Railroad Co.

Evidence which put the judge, by whom the case was tried without a jury, in possession of all the elements of such injury was sufficient, upon which he might arrive at a conclusion as to the amount of damages. None thereof being such as experts alone would be qualified to pass upon, the judge was competent to form his own opinion as to the specific sum in which plaintiffs were damaged.

If the fee of the street was in plaintiffs, the city council could not, even though authorized by vote of the citizens, confer on defendant the right of way over it, without compensation to plaintiffs.

If evidence, which has been admitted, was incompetent, it is no ground for disturbing the judgment, that the evidence offered to rebut it and admitted was also incompetent thereto.

These were four several actions, brought in the district court for Blue Earth county by Lyman C. Harrington, Sarah E. Comstock, Elizabeth Copp and Stella M. Davis, owners respectively of certain lots in the city of Mankato, fronting on certain public streets of said city.

The complaint in each case, after showing plaintiff's ownership of the premises therein described and of the street in front of such premises to the center line of such street, alleges that in the fall of 1868, the defendant unlawfully entered upon that portion of plaintiff's premises included in such street, and began the construction of its railroad thereon, completing the same in the summer of 1869, and that the defendant has operated the said road so constructed on said premises until the commencement of the action, and unlawfully withholds from the plaintiff the possession of that part of the premises so occupied by it; "that plaintiff has been greatly damaged by the said unlawful acts of the defendant, and by the unlawful withholding of the possession of said premises up to the time of the commencement of this action, to-wit: to the amount" stated in the complaint, and without compensation paid or secured to the plaintiff for such damage.

The relief demanded in each complaint is, 1st, judgment for

the possession of the premises so occupied by the defendant; 2d, the plaintiff's damages suffered up to the time of the commencement of the action by the wrongful acts of the defendant upon plaintiff's premises, and by the wrongful withholding of the same; and 3d, an injunction restraining the defendant from maintaining its railroad, &c., upon said premises.

The actions were tried by the court, without a jury, and in each case judgment was entered for the plaintiff for the relief demanded in the complaint, the damages being assessed by the judge who tried the case upon evidence given at the trial. From the several judgments thus entered the defendant appeals.

The actions were argued together in this court, and the opinion contains a full statement as well of the matters common to all the actions, as of certain points wherein they differ from each other.

BRISBIN & PALMER, for Appellant.

DAVIES & DICKINSON and JAMES BROWN, for Respondents.

*By the Court.*—RIPLEY, Ch. J.—These cases were argued together, but questions arise in some which do not in all. We will dispose of the former first.

In the case of COMSTOCK, the complaint alleges ownership in the plaintiff of block No. 11, in Van Brunt's addition to Mankato, having a frontage of two hundred and ninety-two feet on Van Brunt street, over which defendant's road is constructed, as to which the answer denies any knowledge or information sufficient to form a belief.

At the trial plaintiff proved that, on the 25th January, 1868, the then owner conveyed said block to her in fee. A witness called for plaintiff testified on cross-examination, (the plaintiff objecting thereto as immaterial and irrelevant, but which ob-

Harrington et al. v. The St. Paul & Sioux City Railroad Co.

jection was overruled by the court,) that "a portion of this property has been sold since the suit began ; warranty deed ; one hundred and fifty feet front on railroad has been sold, running west from north-east corner."

The court finds, as matter of fact, that plaintiff, ever since the said 25th January, has been the owner in fee-simple and in possession of said premises ; that, by reason of the acts of defendant complained of, she has sustained damage to the amount of twenty-five dollars, and, as conclusions of law, that she is entitled, besides such damages, as against defendant, to recover possession of the tract of land, lying between her said block and the center line of said street, as occupied by defendant, and to a perpetual injunction as prayed in the complaint.

The defendant objects that "the testimony, [meaning the plaintiff's testimony generally,] applies indiscriminately to the whole property ; and the finding of damages relates to the whole property ; so of the recovery of the possession and the injunction. This we claim to be error affecting the action for which a new trial should be awarded."

As to the testimony, no objection was made to any of it, at the trial, for the reason now alleged. Its reception, therefore, can be no ground for a new trial.

With respect to the other ground of objection it is to be considered, that, even if the plaintiff had sold the whole block since the commencement of the suit, the fact must be alleged by way of supplemental answer before evidence of it would be admissible. 1 *Ch. Pl.* 657 ; *Gen. Stat. ch.* 66, *sec.* 108 ; 7 *Johns.* 194 ; 20 *Johns.* 414 ; 1 *E. D. Smith,* 273 ; *Rundle vs. Little,* 6 *Q. B. R.* 174. Defendant could not, therefore, avail itself of any statements of this character elicited on cross-examination against plaintiff's objection.

With respect to the damages it is also to be observed, that the right to recover damages for trespasses, committed prior

to a conveyance of the land, would not pass by the deed. Plaintiff might nevertheless recover a judgment therefor. *Gen. Stat. ch.* 75, *sec.* 4. To lay the foundation, therefore, for an objection, that the finding included subsequent damages, the date of the sale should, at all events, have been definitely fixed

In the case of STELLA M. DAVIES, on the other hand, her right to recover damages or other relief is objected to, on the ground that it had accrued to her grantor before her purchase, and that, therefore, she bought *cum onere.*

The argument is, in brief, that the lands had been previously taken for public use, and the right to damages accrued and took effect then, to the then owner. This confounds a taking of private property for public use by proceedings according to law, with an unauthorized trespass.

If the theory on which plaintiff recovered be correct, as it is not pretended that defendant has ever taken any steps to condemn her land, it has been appropriated to defendant's uses in the maintenance and operation of its railroad thereon without any authority of law whatever, and defendant in so doing is a trespasser. The damages claimed and given in this action are not assessed as compensation for plaintiff's land taken for public use, but for such unauthorized acts.

Defendant's acts, moreover, are a continuing trespass. Plaintiff's grantor, no doubt, might maintain an action against defendant for damages sustained up to the conveyance to plaintiff; but plaintiff also has her remedy for those which she has sustained since. Whether defendant had such a possession prior to the deed to plaintiff, as that her grantor could have maintained ejectment, is nothing to her. If so, and he did not see fit to, she may, if the defendant continues its unlawful possession. So, if the defendant's acts are a nuisance, it is no answer to say they were a nuisance to her grantor also. She may have

Harrington et al. v. The St. Paul & Sioux City Railroad Co.

an injunction, though he did not see fit to obtain one. *Gen*
*Stat. ch.* 75, *sec.* 25.

An insurance agent, called as a witness for plaintiff, was allowed to testify, the defendant objecting, that the location and operation of the railroad increased the hazard of fire to plaintiff's buildings.

The defendant cites, in support of the exception taken to the admission of the evidence, two Pennsylvania decisions to the effect, that such increased risk is not proper to be considered in estimating the compensation to be paid for land taken by a railroad company under its charter. Without discussing that question it is enough to repeat that this is no such proceeding; that if defendant's road was a nuisance as respects plaintiff, she was entitled to relief. Such an increased risk certainly interfered in the most direct way with the plaintiff's comfortable enjoyment of her property, and was therefore competent to prove the existence of such nuisance. *Gen. Stat. ch.* 75, *sec.* 25.

MRS. ELIZABETH COPP's premises are a part of the town site of Mankato, lots one (1) and three (3) in block fifty-nine (59) in Mankato, according to Brewer's plat thereof, and front on on 4th street.

To her claim to the ownership of the fee to the center of said street in front of her said lots, subject only to the public easement therein for a highway, it is objected, that by the act of congress, under which said town site was entered, and by the act of the legislature, she acquired under the deed to her from the trustee no title to any part of the street; that the title to the street remained in the trustee.

We see no reason why the trustee's deed to plaintiff did not pass to her the legal title to the fee of the land to the center of the street adjoining her lots, as in the ordinary case of conveyance of lands adjoining a highway.

The lands comprising the town site of Mankato, were entered by the judge in trust for the several occupants thereof, according to their respective interests; that is, *all* the lands comprised in said town were so held. If any occupant had theretofore dedicated any part thereof to public use as a street, the judge would hold the title to such land in trust for him, subject to such easement in the public.

The judge finds, that plaintiff was one of such occupants, and also finds facts, from which a dedication of the streets, delineated on Brewer's plan, to public use by the occupants of the town site, would be inferred.

What occupant, other than plaintiff, could have dedicated the portion of said street to its center, adjoining the lots in question, is not conceivable on these findings.

The law, *Comp. Stat. p.* 385, made it the trustee's duty to convey the title to any lot to the person entitled thereto, according to his right or interest in the same, as it existed at the time of entry, and the judge finds that the trustee duly conveyed the title in fee to said lots to plaintiff.

Prior to said deed she must, therefore, have been, as one of the occupants of said town site, the occupant of said lots.

The streets must have become such by dedication by those who, before such dedication, were the several occupants of the whole town site, and who, after such dedication remained in the exclusive occupation respectively of the several lots and parcels of land fronting on or adjoining said streets; as to which streets they had parted, as against the public, with any right of occupation inconsistent with the public easement.

If there was a dedication of this street, it must then have been a dedication by the occupants of the lots fronting thereon, each of so much, to its center, as adjoined their lots respectively, unless we suppose, without evidence and contrary to all probability, that the strip of land constituting the street was

settled on and occupied in that shape prior to any division of the town site into lots and blocks.

It follows from what has been said, that plaintiff's title by occupancy gave her a right to a conveyance in fee of her lots and of the street in front thereof, as aforesaid, subject to said easement.

If she had bought the lots and the street in front thereof, subject to the public use, by a contract which stipulated therefor in so many words, a conveyance of the lots would have executed the bargain, for it would have passed the fee in the street. The judge held the lots and street in trust for her. Why should not his deed of the lots be held to execute his trust as to this street also ?

The objection, that by the act of congress of March 3, 1857, granting the right of way over the public lands to the railroads then contemplated, and by the territorial act of May 22, 1857, disposing of the land grant, the defendant acquired a prior right to that of plaintiff, overlooks the settled doctrine of this court, that the rights of the occupants of the town site, were fixed at the date of the application and submission of proof to enter it, viz.: March 21, 1856, and that the judge, to whom the patent was issued, became thereby seized of said town site, in trust for the occupants thereof at that date. 3 *Minn.* 119, 448; 6 *Minn.* 119; 8 *Minn.* 456; 15 *Minn.* 123.

As to the act of congress of Aug. 4, 1852, granting a right of way through the public lands, it is further to be observed that its effect is expressly limited to lands held for private entry and sale and unsurveyed lands, which, at the date of the act extending its provisions to the territories, did not include this town site. *U. S. Stat. at large, vol.* 10, *pp.* 28, 683.

No such question arises in the other cases, which all present the ordinary case of lots adjoining on streets, dedicated as such by those under whom plaintiffs claim.

In respect to all the lots, whether a statutory or common law dedication of the streets adjoining the premises of the plaintiffs respectively were shown, it is the doctrine of this court, that they own the fee therein to the center thereof, subject to the public easement for a highway; and as to all the cases, the doctrine of this court is, that the legislature could not appropriate the street to any other use, or subject the land to any additional servitude, without compensation to the owner of the fee; and that the use by the defendant of said street for a railroad would be such additional servitude. *Schurmeier vs. St. Paul & Pacific R. R. Co.*, 10 *Minn.* 82; *Winona vs. Huff*, 11 *Minn.* 134; *Mankato vs. Willard*, 13 *Minn.* 1; *Gray vs. First Div. St. P. & Pac. R. R. Co.*, 13 *Minn.* 315.

It seems that the defendant, claiming the right to do so, under the laws referred to, and an ordinance of the city of Mankato, entered on said streets for the purpose of constructing its railroad thereon, and did so construct it along and upon the same, in front of said lots, and has ever since operated the same as such, running trains on the same daily; and it is found by the court below, that the defendant has never made plaintiffs any compensation, nor has it ever taken steps to have commissioners appointed to appraise the plaintiffs' damages, and all of said acts have been done without plaintiffs' consent, and against their will; that the said railroad and use thereof are an obstruction to the plaintiffs' use of their said premises and comfortable enjoyment thereof, and will continue so to be, so long as it remains; that they render the street unsafe for travel, and access to plaintiffs' premises inconvenient and dangerous; that they have greatly diminished the value of said property; that they work an injury to plaintiffs in obstructing said street and the free use of the same in connection with their said premises, distinct and different from the injury sustained by the public generally.

Harrington et al. v. The St. Paul & Sioux City Railroad Co.

On these facts and findings there can be no question, under the decisions of this court, but that in thus appropriating said street to the use of its railroad, the defendant is a trespasser in respect of plaintiffs, and that its acts constitute a private nuisance as against plaintiffs, entitling them to an injunction. 1 *Redf. on Railways, ch.* 11, § 81–2; 10 *Minn.* 82; 13 *Minn.* 315.

But the granting this relief is objected to on two grounds.

FIRST: It is said that equity interferes in no case where there is an adequate specific remedy; that is to say, in the defendant's application of that principle to this case, it will not restrain the defendant from operating its road upon plaintiffs' land, when its charter provides a mode for plaintiffs to obtain an appraisal of compensation, and they have not resorted to it.

The first difficulty in defendant's way is, that its charter provides no mode whereby the land-owner may obtain compensation for the taking. The defendant may apply for commissioners to appraise the compensation to be paid for such lands as may be designated in the application, and proposed by defendant to be taken, (*ch.* 23 *Session Laws of* 1857, *sec.* 5;) but of a means whereby the land-owner may, at his own instance, obtain compensation for the taking of his land, there is not a word.

This the defendant answers by saying, that, though the initiative is with the defendant, the remedy is intended for both parties, and defendant may be required by mandamus to set it in motion.

It seems that in England, after notice given to treat, which is regarded as an inchoate purchase, mandamus lies to compel a corporation to proceed in the appraisal of damages. 1 *Redf. Railways, ch.* 23, § 155.

But we are unable to see how, by reason of the defendant having trespassed upon plaintiffs' premises, the law specially enjoins on it a duty to proceed and take and pay for the same

VOL. XVII.—28

in the way provided in its charter, as a duty resulting from any office, trust or station of defendant, without which mandamus does not lie. *Gen. Stat. ch.* 80, *sec.* 2.

The law makes it liable in damages for such unlawful acts, and, if they amount to an ouster, plaintiffs can maintain eject-ment to recover possession; and, in case of a nuisance, they can have such nuisance abated, and an injunction. Wherefore another reason appears why mandamus will not lie, viz.: that for the injury which plaintiffs suffer, there is a plain, speedy and adequate remedy in the ordinary course of law. *Gen. Stat. ch.* 80, *sec.* 3; *ch.* 75, *sec.* 25. Injunction, we think, is intended in the expression, "the ordinary course of law," which here refers, (in our opinion,) to remedy by civil action, as distin-guished from a special proceeding like mandamus. But it is said,

SECONDLY: That an injunction will not be granted, because the plaintiffs, with full knowledge of defendant's intentions and acts, slept on their rights, until defendant had completely constructed and is operating its road, before bringing these suits; that if a party having a right stands by and sees another dealing with the property in a manner inconsistent with that right and makes no objection while that act is in progress, he cannot afterwards complain; that is, that a court of equity will leave him to his remedy at law. 2 *Redf. Railways, ch.* 29, § 220.

Without undertaking to question the correctness of the lat-ter branch of this position, in its application to the right to the interference of equity by injunction *pendente lite,* before the plaintiff has established his legal right, or where it is not ad-mitted; in all cases, at least, in which the appropriator sup-posed that he was in the exercise of his right, (1 *Redf. Rail-ways, ch.* 10, § 61: *Ramsden vs. Dyson, Law Rep.,* 1 *Ho. of Lords,* 129,) it is not applicable to the present cases.

In these cases a perpetual injunction is prayed as part of the relief to be given by the decree. The plaintiffs' rights are established by the finding of the court, that the defendant's railway is a nuisance, in which case they may by statute have such injunction, as well as an abatement of the nuisance and a recovery of damages. *Gen. Stat., ch. 75, sec. 25.*

The court also finds that the defendant's acts are without plaintiffs' consent and against their will, nor is there anything in the cases to rebut the presumption that defendant knew that its acts were unauthorized by law, and that it was trespassing on plaintiffs' premises.

The cases, then, are simply cases of wilful nuisance, and of delay on plaintiffs' part to sue, until defendant had been operating its road for some months.

We think this is very clearly no bar to relief by a perpetual injunction as adjudged by the court below.

In cases like these of continuing trespass, where every day gives plaintiffs a fresh cause of action, (having at the same time their remedy by action for past trespasses,) the propriety of preventing multiplicity of suits, by forbidding future trespasses, can hardly be affected by the fact, that plaintiffs made no application for an injunction to prevent such past trespasses.

To leave plaintiffs to their remedy at law, is the means of bringing about the very multiplicity of suits, which equity will prevent by injunction. *McRoberts vs. Washburne,* 10 *Minn.* 23 ; *Livingston vs. Livingston,* 6 *Johns. Ch.* 497.

Inasmuch, however, as the statute referred to contemplates the existence of the nuisance before the beginning of the action, in which by the judgment the plaintiff may have an injunction, mere delay would seem clearly to be no objection to such statutory relief, and therefore it is in this case properly granted. 1 *Paige,* 97.

In *Gray vs. 1st Div. St. P. & Pac. R. R. Co.* 13 *Minn.* 316,

the complaint alleged, that before the commencement of the action, the defendant had fully completed and was maintaining its railroad on plaintiff's premises, running its engines and cars daily over the same, and prayed judgment for damages and an injunction, and was sustained on demurrer.

In New York, in a suit, the object of which was to obtain a perpetual injunction to restrain the N. Y. Cent. R. R. Co., from continuing to use and occupy with its railway a part of a street in Syracuse which had been dedicated by plaintiff to the public use, and on which the railroad had been constructed without plaintiff's consent or compensation to him, and operated for several years, before the suit was brought for an injunction and to recover damages for such past occupation, it was held, that though plaintiff had a remedy at law for the trespass, yet, as it was of a continuous nature, he had a right to come into a court of equity and invoke its restraining power to prevent a multiplicity of suits. See also *Craig vs. Rochester City & Brighton R. R. Co.* 39 *N Y*. 404.

If the resulting inconvenience to defendant from such injunction will be great, it might have proceeded, according to law, to obtain the right of way, by making compensation to plaintiffs.

This, however, it may still do, though it cannot thereby deprive plaintiffs of their right to recover the damages sustained by such past trespasses.

In some cases, however, the court, on account of the great injury and inconvenience from stopping the works, have refrained from issuing an injunction, provided the company undertakes to do that, which the court decides it is bound to do. *North Br. Railroad Co. vs, London & Southampton R. Co.* 1 *Railway Cas.* 653; *Drewry on Inj.* 292; *Jones vs. Great Western R. Co.* 1 *Railway Cas.* 684.

Thus, where the company had no right to take plaintiff's

arrington et al. v. The St. Paul & Sioux City Railroad Co.

land, except upon terms of paying therefor at a fixed rate per acre, and for collateral damage according to the extent of it, no injunction was granted, the company undertaking to go before a jury to have the collateral damage assessed ; but if it did not promptly act, on the order therefor, the injunction should be considered as granted on the day on which that order was made. *Jones vs. Gr. W. R. Co. supra.*

It seems to us that this is a precedent proper to be followed in cases like the present, in which a perpetual injunction might occasion great inconvenience to the public, as well as the defendant, before the right of way could be obtained pursuant to law; and that the judgment to be entered on the findings be, in respect to the injunction, that it do not issue, if defendant forthwith institutes proceedings to condemn the land, and promptly prosecutes the same; otherwise to be considered as granted as of the date of the judgment.

The allegations of damage in the complaint are sufficient, and the evidence was sufficient upon which the court below might arrive at a conclusion as to the amount of damages sustained. The judge was put in possession of all the elements of injury, none of which were such as experts alone would be qualified to pass upon, and was, therefore, competent to form his own opinion as to the specific sum in which plaintiffs were damaged thereby.

The defendant introduced a certain ordinance of the city of Mankato, to show that the municipal authorities had authorized defendant to construct and operate its road over the streets in question, and plaintiffs were permitted to give in evidence in rebuttal, defendant objecting, certain proceedings, and another ordinance of the city council, and defendant accepted. Whether these exhibits were, as defendant insists, immaterial and incompetent, we need not consider. The city charter, which the defendant gives in evidence, provides, that no right, title

or interest in or to any street, levee, park, public ground or square in said city, shall be granted, conveyed, released or discharged by the common council, unless the same shall be submitted to a vote of the legal voters of the city, and be adopted by them at an annual or special election. If, therefore, the city had owned the fee of the streets in question, no such grant as the defendant claims to have from the common council would be effectual without such vote; and the defendant, so far from showing any, admitted that none such had been had.

The ordinance on which it relied, being, therefore, ineffectual to confer such right, the fact that the evidence offered to rebut it was incompetent for that purpose, is no ground for disturbing the decision.

It is further to be observed that if the fee was in the plaintiffs, the city council, no more than the legislature from whom its powers are derived, could, even by vote of the citizens, confer upon the defendant the right to take plaintiffs' property therein without compensation.

39 *N. Y.* 404; 16 *N. Y.* 97; 10 *Minn.* 82; 13 *Minn.* 315.

Judgment affirmed, with the above modification in respect of the injunction.