MARY KAISER *vs.* ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD COMPANY.

August 24, 1875.

**Eminent Domain—Condemnation of Highway for Railroad.**—The right which a railroad company is authorized to exercise under Gen. Stat. ch. 34, § 29, is the right, upon compliance with its provisions, to appropriate for the purposes of its road the public easement in the highway so far as may be necessary therefor, and not the servient estate of the owner of the fee.

**Same—For what Purposes Highway may be Condemned.**—This right can only be exercised in aid of a railroad enterprise.    The statute confers no authority upon any company to occupy any portion of a public highway, for the purpose of improving the same by a change of its grade, or otherwise, to accommodate the public travel.    The right of use and occupancy obtained by a compliance with its provisions is good only as against the public right of way, and furnishes no protection as against a claim by the owner of the fee of the highway for such private damage as he may sustain by reason of the appropriation thereof by the company.

Appeal by defendant from an order of the district court

for Washington county, *Crosby*, J., presiding, refusing a new trial.

*John B. & W. H. Sanborn*, for appellant.

*James N. Castle*, for respondent.

CORNELL, J.  It is a principle of universal application that for every wrongful act of a party, directly affecting injuriously the property rights of another, the wrong-doer is liable to the party injured to the extent of the pecuniary damage actually sustained by reason of such act. The doctrine relied upon by defendant, and the authorities cited in its support—that a party is not responsible in damages for the necessary consequences of a lawful act done in a reasonably careful and prudent manner—have no application whatever to the case at bar.

It is admitted that the defendant is a corporation, created under and in pursuance of the general laws of the state, for the purpose of constructing and operating the line of railroad indicated in the pleadings, with such corporate powers and privileges, and only such, as it has the right thereunder to exercise for that purpose. It is also admitted that the alleged injuries to plaintiff resulted from the acts of defendant in entering, without plaintiff's consent, upon a highway located upon and across the east end of her lots and premises, whereon was a dwelling in which she resided, and there raising and constructing a high embankment and obstruction of earth and stones, within fifteen feet of her said dwelling-house, and that said company has never acquired any right so to do from plaintiff, by condemnation or otherwise.  This was clearly a trespass on the part of the defendant, as settled by the repeated adjudications of this court. *Harrington* v. *St. P. & S. C. R. Co.*, 17 Minn. 215, 224, and cases cited; *Spencer* v. *St. P. & S. C. R. Co.*, (*ante* p. 29.)

Defendant seeks to justify on the ground that it had lawful right to do what it did, and predicates such right upon the following admitted facts: That in the construction of

the line of railroad which it was authorized to build and operate, it became necessary to build and maintain it across the said travelled highway, at a point near the plaintiff's said lots, and at a grade some four feet below the grade of said highway; that the character of such crossing, and of the grounds in the vicinity, was such that, to reduce the grade of the highway to that of the railroad, would have rendered the operation of the latter extremely hazardous to the life and safety of persons using the former for purposes of travel; to obviate which, defendant constructed a bridge over its railroad track, and the embankment in question as one of its approaches, for the better accommodation of the public in the use of the highway in crossing said railroad; that such its acts were necessarily done in the prosecution of its enterprise of constructing its railroad, and so as successfully to operate the same, and were, as is averred, a public necessity, and for the public use and benefit; that since the completion of said bridge and its approaches the same have been solely used by the public as a part of said highway, and have been maintained by the proper officers of Washington county and the town of Oak Park without the control, and wholly free from the interference, of defendant.

These facts do not amount to a justification of defendant's trespass in entering plaintiff's close and constructing the embankment thereon.

It is claimed by defendant that it is competent for the legislature "to delegate to a private corporation, or an individual, the control of the streets and highways within their jurisdiction, and the authority to change the grade, and repair and improve the same;" and that when such authority is given, and reasonably exercised, any damage resulting therefrom to abutters on such highways is *damnum absque injuria*; and that defendant had such power in respect to that portion of the highway whereon the embankment was built under and by virtue of Gen. St. ch. 34, § 29.

No such power is conferred by the provisions of this section. It relates solely to the public easement, or right of use and enjoyment of the highway, as such, which belongs to the public, and it confers upon any railroad company organized under the general laws, and finding it necessary to appropriate for railroad purposes any portion of a common public highway, the power so to do upon a compliance with its provisions. The power is given in aid of a railroad enterprise, and to that end alone can it be exercised. No control over any street or public highway, for the purpose of regulating its grade and improving and repairing the same in reference to its beneficial use, as such, by the public, is authorized or contemplated. The property which it may take and appropriate, by condemnation or otherwise, is the public property in the highway, and not the servient estate of the individual owner of the fee. Hence, even if the company had acquired all the rights possible for it to obtain under this section in reference to this highway, it would have afforded no justification as against the plaintiff. *Fletcher* v. *Auburn & Syracuse R. Co.*, 25 Wend. 462.

As the sole question raised in the case relates to the right of the plaintiff to recover at all, the order denying a new trial must be affirmed.